IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OZIE RAMBO, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-1222-O |
| | ) | |
| LUPE VALDEZ, ET AL., | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.  Background

Plaintiff is a state prisoner, and has filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County Sheriff Lupe Valdez, the Dallas County Sheriff's Department, the Lew Sterrett Criminal Justice Center, and the Dallas County Jail Health Services Department.

Plaintiff states that while incarcerated at the Dallas County Jail he was sent to Parkland Hospital because of a cyst on his leg. He states the cyst was not removed at Parkland Hospital, but was later removed on July 29, 2015, by Dr. Diana Urey at the Dallas County Jail. He claims the surgery area became infected while he was at the Jail. He states he was transferred to the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ"), where the wound is currently being treated by Dr. Rose. Plaintiff states he will need additional surgery to

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

fix the wound, that surgery has not yet been scheduled, and that he is in pain and at risk of
infection.  He seeks money damages.

## II.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That
section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed
*in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a
claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is
immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be
granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its
face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts
with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.  Discussion

### A.      Medical Care

Plaintiff's denial of medical care claim is governed by the "deliberate indifference"

standard of the Eighth Amendment to the United States Constitution.  U.S. CONST. amend. VIII;

*Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish a constitutional violation, Plaintiff

must show that prison officials acted with deliberate indifference to his medical needs such as to

cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106.  This requires proof

that defendants were subjectively aware of a substantial risk of serious harm and failed to take

reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996)

(citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his

serious medical needs to cause the "unnecessary or wanton infliction of pain."  Although Plaintiff

states his wound became infected at the Jail and that he will need additional surgery, he has

alleged at most a claim of negligence.  Negligent conduct does not rise to the level of a

constitutional violation.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette*,

434 U.S. 555, 556 (1978).  Further, to the extent he complains that surgery has not yet been

scheduled, he is no longer at the Dallas County Jail but is in the custody of TDCJ.  Plaintiff has

not named TDCJ or any of its employees as a Defendant in this case.  Plaintiff's medical claims

should be dismissed.

### 2.      Non-Jural Entities

Plaintiff names the Dallas County Sheriff's Office, Lew Sterrett Criminal Justice Center,

and the Dallas County Health Services Department as Defendants. These Defendants are non-jural entities under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Hutchinson v. Box*, 2011 WL 839864, No. 4:10-CV-240 (E.D. Tex. Feb. 17., 2011). These Defendants should therefore be dismissed.

3. **Lupe Valdez**

Plaintiff names Lupe Valdez as a Defendant. To be liable under § 1983 however, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in

acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

In this case, Plaintiff does not allege that Lupe Valdez was personally involved in the deprivation of his rights. Plaintiff has also failed to allege or show that Valdez implemented an unconstitutional policy that resulted in a violation of his civil rights. Plaintiff's claims against Lupe Valdez should be dismissed.

## IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 26 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).